# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| FEDEQ DV004 LLC and | ) | |
| FEDEQ DV005 LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Docket No. 2:19-cv-00382-JHR |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PORTLAND and | ) | |
| JON JENNINGS, | ) | |
| | ) | |
| Defendants | ) | |

### PLAINTIFFS'[1] UPDATED STATUS REPORT

Pursuant to this Court's order and direction of January 22, 2021 (ECF No. 104) ("Discovery Order"), on March 12, 2021 Plaintiffs and the City of Portland ("City") jointly submitted their required status report in relation to certain discovery disputes referenced therein. (ECF No. 121) (the "Status Report").

In doing so, the parties (i) acknowledged that they had already conferred in good faith to resolve all issues previously presented by Plaintiffs' Motion to Compel Discovery ("MTC") (ECF No. 83) in Response to Plaintiffs' First Request for Production of Documents ("RFP"), (ii) provided an update to the Court regarding the progress they had made toward resolution to date, (iii) committed to continuing to confer in good faith toward full resolution of all issues

---

[1] This status report is authored by and has only been approved by Plaintiffs.  The City was given an opportunity to review its substance in advance, and indicated it was not agreeable to signing it as a joint report.  Per the Discovery Order, the parties' original status report need not have been a 'joint' report, but the parties determined filing that document jointly made sense at the time.  Accordingly, the City's consent to or approval of this updated status report was not necessary to obtain prior to filing, and Plaintiffs are filing this document purely in an effort to assist the Court in resolving the disputes articulated herein and for no other purpose.

previously presented by the MTC, and (ii) committed to collaboratively amending impending pretrial deadlines as necessitated by the time required to fully resolve such disputes.

Since the Discovery Order, attempts to discuss and resolve the remaining substantive categories of relief in the MTC via email and/or telephone occurred on more than twenty separate occasions, including the following dates: February 22nd, 23rd, 24th, and 25th, 2021; March 3rd, 5th, 8th, 9th, 10th, 11th, 16th, 18th, 22nd, 26th, and 30th; April 16th, 27th, 28th and 29th, 2021; May 5th and 11th, 2021; and June 14th and 16th, 2021. These dates follow similar outreach to discuss the City's across-the-board objections in its response to the RFP one day before the Discovery Order, on January 21, 2021.

On April 28, 2021, Plaintiffs received feedback from the City, after it considered Plaintiffs' position regarding categorical exclusions from the City's RFP response, as stated in the MTC, that it was concerned about the invasiveness and level of burden associated with such requests in the context of employment rights considerations. The City indicated this concern was not a definite refusal to produce in response to Plaintiffs' requests, but that it needed additional time to determine the scope of the undertaking and associated burdens involved. The City also advised Plaintiffs that it had not saved any voice recordings requested in the RFP. Efforts to address these concerns were made on April 29, 2021 and May 5, 2021, but were unsuccessful. On May 11, 2021, counsel for the parties spoke via telephone, during which the City reiterated its prior concerns with the remainder of requests under the RFP, but committed to confirming this position definitively in the future. As of the date hereof, the City's position remains unchanged. Between May 10, 2021 and the date hereof, the parties have also been involved, and continue to be involved, in court-annexed mediation.

On June 14, 2021, Plaintiffs asked the City among other things to notify them if its position regarding remaining issues under the RFP had changed at all, and on June 15, 2021 received a response suggesting it had not as it was silent to the inquiry.  On the date hereof, prior to filing this document, Plaintiffs' counsel again attempted to reach the City's counsel, via email and multiple telephone calls, but was unsuccessful.

In summary, the parties have met and conferred for nearly five months following the Court's Discovery Order, but they remain no further along today than they were as of the date of the Status Report.  Accordingly, on June 15, 20215 Plaintiffs filed a Request for Hearing regarding the continuing nature of their discovery dispute (ECF No, 128).  This Updated Status Report is being submitted in the spirit of keeping with the intent of the Discovery Order, to augment the initial Status Report, from Plaintiffs' perspective, by outlining the specific categories of relief remaining in dispute and, with respect to each such category, detailing the specific requests for production implicated and providing a concise description of such disputes.

## Specific Categories of Relief under Plaintiffs' MTC Remaining in Dispute

As of the date hereof, all four of the categories of substantive relief requested in Plaintiffs' MTC remain outstanding.  One, amendment of pretrial deadlines, is a matter the parties have agreed to work on collaboratively as necessary to address the time required to fully resolve the others, and will be handled among the parties separately.  Plaintiffs have advised the City of their intent to concurrently herewith file a motion to stay remaining pretrial deadlines until such time as the discovery disputes referenced herein are fully resolved.  Continuing disputes concerning the three remaining categories of substantive relief requested under Plaintiffs' prior MTC are summarized below.

(a) *Production of all material responsive to the RFP*.

<u>Requests Implicated</u>: Requests #1 - #110, and #112-113 (all Requests but #111).

<u>Description of Dispute</u>: With few exceptions, including but not necessarily limited to certain contractual arrangements between the City and HUD (as "HUD" is defined in the RFP) and certain insurance information, the City has produced no document type other than emails.

However, other than Request #112 (for exhibits the City intends to introduce at trial), the above-referenced Requests all specifically ask for "documents" and/or "communications" which, according to the RFP's General Definitions numbered 1 and 3, include a wide range of document types other than electronic mail, including all media referenced in Rule 34(a) of the Federal Rules of Civil Procedure, specifically including meeting minutes, file memoranda, pencil jottings, telephone messages, photographs, reports and analyses, video recordings, audio recordings, various charts and diagrams, receipts, books of account and financial statements, regardless of how stored, including all non-identical copies thereof.  "Documents" and "Communications" also specifically included the RFP's definition of "ESI", meaning accounting system information, web page information, cell phone data, excel spreadsheets, metadata, and USB drives as well as erased data.

Through September 2020, the City was, according to its counsel, unaware that the RFP requested certain of the foregoing enumerated document or communication media types.  As noted above, the City subsequently advised Plaintiffs that it had not saved voicemail messages relevant to the RFP.  But the City has not addressed any of the other illustrative concerns Plaintiffs had regarding missing documents, as outlined in paragraph 41 of the MTC.  In any case, Plaintiffs contend the RFP pertains to deleted information as well – in line with its definition of "ESI" inclusive of "erased" matters.  They further contend that such information is within the City's reasonable constructive possession or control through available digital forensic

services and/or cloud-based backups, and that in any event the City had an affirmative duty to ensure such information was not deleted under both the Federal Rules of Evidence and Maine's Freedom of Access Act[2] -- and thus must make reasonable efforts to retrieve such data for production.  The City maintains that all "City" files were searched for requested documents, including emails, as certified by its former information technology director, Dan Boutilier (such certification, the "Declaration")[3], and that no documents other than the emails and few additional non-email documents referenced above were found.

The Declaration, attached hereto as Exhibit "A", pertains to "electronically stored" information, limited to "available" "City" files.  Plaintiffs contend this certification (i) confirms that all document types other than electronically stored information have been disregarded by the City, and (ii) leaves Plaintiffs unable to even confirm which electronic files were "available" at the time of the City's search and which files were not.  Plaintiffs also contend they are unable to verify whether "City" files include files in the possession of key individuals who are no longer employed by the City, such as prior City managers, planning directors and, the City's longtime economic development director.  Plaintiffs also dispute the third-party nature of the Declaration's declarant – a decades-long City employee who retired at virtually the same time this action was commenced in the summer of 2019 – and take issue with the Declaration's statement that "duplicate" emails were reviewed and removed[4].

---

[2] Plaintiffs filed a request under 1 M.R.S. Sec. 404, *et. seq*. (Maine's "Freedom of Access Act") concurrently with their RFP, and then-counsel for the parties agreed to handle the City's response to such request in conjunction with its response to the RFP.

[3] On March 11, 2021, Mr. Boutilier signed, and the City delivered to Plaintiffs, a declaration certifying the foregoing under penalties of perjury.

[4] Plaintiffs have no interest in forcing redundancy, but the RFP specifically requests production of non-original copies that deviate in any way from original copies, and this would necessarily include emails sent from or to various individuals even where the substance of those emails remains unchanged.  Having not seen the alleged duplicates which were removed, Plaintiffs are unable to ascertain whether they are, in fact, exactly similar copies of documents produced or, instead, and by way of example, substantively similar emails that were sent to different parties.  In the event they are the latter, that may have relevance to Plaintiffs' claims, and Plaintiffs contend an IT

In any case, as described above, the City has also taken the position that the remainder of Plaintiffs' document request categories present invasiveness and burden concerns in the context of employment rights.  Plaintiffs, in turn, contend that even to the extent invasiveness concerns are relevant under the Federal Rules (and they do not concede that point), the City nevertheless has an independent obligation to produce all public documents under the Freedom of Access Act, which operates under a different set of parameters.

In summary, Plaintiffs believe they are entitled to a response which includes *all* document types and communications requested in the RFP – not simply electronic mail records from an undefined scope of "available" "City" files reviewed and thinned down by the City's own longtime IT professional – and that the City must either meaningfully complete its obligations under the Freedom of Access Act in its production (even if to do so means abandoning objections which might otherwise have applicability in a discovery context), or separately address Plaintiffs' related request as an independent matter.

The City contends that it has conducted a comprehensive search and produced all documents responsive to the RFP with the exception of several privileged materials which have been itemized, as well as voicemail messages which have been deleted or at least are no longer saved, and an undefined scope of potential additional electronically stored information which it is reluctant to search for due to undefined employee rights considerations.

Finally, Plaintiffs also take issue with the *manner* of the City's production of electronically stored information, as the voluminous documents produced (several tens of thousands of emails) were largely not organized in any meaningful way that would indicate to a

---

official should not make judgment calls regarding their production, as that would present a scenario ripe for inadvertent mismanagement.

reviewer which categories of the RFP they pertained to, as required by F. R. Civ. P. 34, notwithstanding Plaintiffs' specific instruction to do so in the RFP.

(b) ***City Objections to the RFP requests***.

Requests Implicated: Requests #1 - #113 (all Requests).

Description of Dispute: Plaintiffs take issue with the 'General Objections' included within the City's written response to the RFP, dated July 16, 2020, attached to the MTC as Exhibit "D", as Plaintiffs tried to resolve with the City on at least January 21, 2021. Those objections are specifically incorporated into each and every one of the City's individual responses to the RFP, and thus pertain to the entirety of Plaintiffs' RFP requests. In Plaintiffs' opinion, they include protests of the requests so vaguely worded as to render Plaintiff's ability to ascertain whether and what types of documents were withheld, if any, nonexistent.

For instance, the City objects in a blanket manner to any definition within the RFP beyond the scope imposed by F. R. Civ. P. 26, 33 and 34, but does not clarify if and to what extent it believes such definitions in fact exceed that scope. Accordingly, Plaintiffs are unable to ascertain whether the failure to deliver additional document types – beyond emails – as described in detail above, arises from the fact that such documents do not exist, or from the fact that in the City's independent judgment (or that of the declarant under the Declaration) such documents exceed the allowable scope of discovery under the cited Federal Rules.

The City's second general objection pertains to any "attempt by Plaintiffs to impose any duty on the City regarding supplemental answers that are not required by the Federal Rules of Civil Procedure". Plaintiffs contend the Federal Rules of Civil Procedure do obligate the City to supplement its production in the event additional responsive documents are located, which has particular importance in light of the ongoing disagreement between the parties concerning the

definition of the words "documents" and "communications" – and therefore the scope and extent of the City's searches to date.  The City has not changed its position on this matter since the Discovery Order.

The City has further objected, in a blanket manner, to all requests which pertain to documents that are "confidential".  Plaintiffs contend they are entitled to all responsive documents, even if they are confidential (however defined), unless privileged and identified as such in an appropriate privilege log.

The City's specific responses also include repetitious objections to the extent of "undue annoyance, oppression, or undue burden or expense, within the scope of protection to which the City is entitled pursuant to Rule 26(c) and Rule 26(b)(2)(B) governing disclosure of electronically stored information" and similar bases.  The City has taken the position that these blanket and repetitious objections were made for the purpose of preserving its rights, but has not, however, moved for a protective order under the former or in any way that would implicate the latter.

The City has, as a general matter, indicated documents were produced "subject to" its objections, but Plaintiffs contend that, due to the ambiguity of such a statement, it is unclear whether that caveat is a representation under F. R. Civ. P. 34(b)(2)(C) that documents have been withheld and, if so, to what extent.  The City has not further articulated or clarified its position on the general or specific objections contained within its response to the RFP since the Discovery Order; Plaintiffs contend this precludes their ability to ascertain whether the City's production is complete.

(c) ***Prohibition of the City's use of any responsive documents not produced***.

<u>Requests Implicated</u>: Not applicable.

Description of Dispute: Simply put, Plaintiffs contend that to the extent the City later seeks to rely upon any document, communication, or other information subject and responsive to the RFP which has not to date been produced, it should be precluded from doing so on the basis that such information was not previously or timely provided to Plaintiffs in response to the RFP. The City has taken the position that its production is comprehensive but, for the reasons outlined above, Plaintiffs have concerns regarding the potential for interpretive differences related to the assumed scope thereof.

(d) ***Stay of pretrial deadlines pending resolution of all outstanding issues in dispute***.

Requests Implicated: Not applicable.

Description of Dispute: The parties agreed in the Status Report to work collaboratively to address any impending pretrial deadlines as necessitated by the time required to fully resolve the issues related to the MTC, and separately agreed to do so to accommodate and account for their participation in court-annexed mediation.  Counsel for Plaintiffs has separately discussed with counsel for the City the drafting of a proposed unopposed motion for enlargement of time toward these ends—so that approaching deadlines may be appropriately stayed and reset in light of the ongoing nature of this discovery dispute—and has shared such a draft with the City, which it anticipates filing on or around the date hereof.

The above disputes are being presented to this Court in accordance with the Status Report, Local Rules, and Federal Rules of Civil Procedure.  In line with the Court's Discovery Order, Plaintiffs anticipate a teleconference being arranged to resolve them.  In the event such a conference cannot resolve the outstanding disputes, on the date thereof or by any deadline set by the Court thereby, Plaintiffs anticipate requesting permission to file a renewed motion to compel.

Dated at Gorham, Maine this 16th day of June, 2021.


/s/ Patrick Venne, Esq.
Patrick Venne, Esq.
Attorney for Plaintiffs

Patrick Venne, Esq.
42 Barnfield Lane
Gorham, ME  04038
(305) 669-4165
pvenne@federatedcompanies.com
patrickjvenne@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2021, I electronically filed the parties' Updated Status Report with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Patrick J. Venne
Patrick J. Venne, Esq.
Attorney for Plaintiffs

42 Barnfield Lane
Gorham, Maine 04038
(207) 274-1298
pvenne@federatedcompanies.com
patrickjvenne@gmail.com